IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 15-496 |
| v. | |
| GREGORY ROBINSON | |

**MEMORANDUM OPINION**

Defendant Gregory Robinson moves for compassionate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i), in consideration of the dangers posed by COVID-19. For the reasons that follow, Robinson's motion will be denied.

I.   **BACKGROUND**

Gregory Robinson is currently serving a 120-month sentence for his involvement as a PCP dealer in a Philadelphia drug conspiracy between March and September of 2015. On October 16, 2019 Robinson pleaded guilty to conspiracy to distribute 1 kilogram or more of PCP in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) and 21 U.S.C. § 846; possession with intent to distribute PCP, in violation of 21 U.S.C. § 841(a)(1); and possession with intent to distribute PCP within 1,000 feet of a school, in violation of 21 U.S.C. 860(a). On January 29, 2020, this Court imposed the parties' agreed upon sentence of 120 months, six years of supervised release, and a $1,500 special assessment. Robinson has served approximately fifty-seven months of his sentence, including time credited to him for good conduct. He is currently incarcerated at FMC Devens.

Robinson applied for Compassionate Release/Reduction in Sentence from the Warden of FMC Devens, which the warden denied on September 14, 2020 because the medical conditions

in his records were not terminal or debilitating.  Robinson thereafter filed this *pro se* motion for compassionate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i), which was docketed on November 2, 2020.  In his motion, Robinson states that he suffers from obesity and diabetes and is therefore at a high risk of death if he contracts COVID-19.  He further argues that his sentence was for a non-violent crime, and that he has no history of violence during his incarceration.  Robinson therefore requests to serve the remainder of his sentence on home confinement.  The Government opposes Robinson's motion because FMC Devens is appropriately managing Robinson's medical needs, and he has served only a portion of the sentence imposed.

**II.  DISCUSSION**

The First Step Act's amendments to Section 3582(c) "allow incarcerated defendants to seek compassionate release from a court on their own motion, not just through the Bureau of Prisons."  *United States v. Thorpe*, 2019 WL 6119214, at *1 (C.D. Ill. Nov. 18, 2019); *see* 18 U.S.C. § 3582(c)(1)(A) ("[T]he court, . . . upon motion of the defendant . . . may reduce the term of imprisonment . . . .").  Specifically, provided the defendant has exhausted his administrative remedies, Section 3582(c) permits a district court to reduce a defendant's sentence "after considering the factors set forth in [18 U.S.C.] § 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling circumstances warrant such a reduction . . . and that such reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  Here, Robinson has exhausted his administrative remedies by unsuccessfully requesting release from the warden of FMC Devens, and his motion is therefore ripe for consideration.  18 U.S.C. § 3582(c)(1)(A) (explaining that a defendant moving a court for compassionate release must first "ha[ve] fully exhausted all administrative

rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf, or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier").

### A. Extraordinary and Compelling Medical Condition

According to U.S.S.G. § 1B1.13, which is the Sentencing Commission's policy statement on Section 3582(c)(1)(A), a defendant's medical condition may constitute a basis for release. Section 1B1.13 defines a serious medical condition as "extraordinary and compelling" if it "substantially diminishes [defendant's ability] to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover." *See* U.S.S.G. § 1B1.13 n.1. It is the defendant's burden "to prove extraordinary and compelling reasons exist." *United States v. Adeyemi*, 2020 WL 3642478, at *16 (E.D. Pa. July 6, 2020).

The Center for Disease Control (CDC) defines obesity as a body-mass index (BMI) over 30 severe obesity as a BMI over 40. *See* Center for Disease Control, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#obesity (last updated Nov. 2, 2020). The CDC lists obesity or severe obesity as an underlying medical condition that puts a person at an increased risk of severe illness in the event of a COVID-19 infection. *Id.* According to Robinson's medical records, his BMI was 40.4. as of October 27, 2020, placing him in the category of severely obese. The Government thus concedes that, under U.S.S.G. § 1B1.13 n.1, Robinson's severe obesity is "a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility" during the COVID-19 pandemic. Robinson's medical condition therefore

qualifies as an extraordinary or compelling reason for release during the COVID-19 pandemic.[1]

### B. Section 3553(a) Factors

Nevertheless, Section 3582(c) permits a district court to reduce a defendant's sentence based on a qualifying medical condition only "after considering the factors set forth in section § 3553(a) [2] to the extent that they are applicable[.]"  18 U.S.C. § 3582(c)(1)(A).  In consideration of the relevant factors under Section 3553(a), in particular the ability of FMC Devens to provide for Robinson's medical, Robinson's request for compassionate release will be denied.

Section 3553(a) directs the court to consider the relevant characteristics of the defendant—here his health conditions—and the need to provide medical care in the most effective manner.  While Robinson's obesity places him in a broad category of people who are at increased risk in the event of a COVID-19 infection, he has not demonstrated that he is at a high risk of infection at FMC Devens or that he is receiving inadequate medical attention.  According to his medical records, Robinson is nearly thirty-eight years old and suffers from obesity,

---

[1] While Robinson claims in his motion that he also suffers from diabetes, his medical records diagnose him with prediabetes.  At present, prediabetes is not included in the CDC's non-exhaustive list of factors placing a person at a risk for severe illness or death in the event of a COVID-19 infection.  Because Robinson's severe obesity is a qualifying medical condition, the Court need not address whether prediabetes might also qualify as a compelling medical condition.

[2] Section 3553(a) directs a sentencing court to consider, as relevant here:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> > (B) to afford adequate deterrence to criminal conduct;
> > (C) to protect the public from further crimes of the defendant; and
> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.
>
> . . . (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;

myopia, and prediabetes. However, Robinson does not describe any specific symptoms related to his diagnoses that might be exacerbated by a COVID-19 infection. Robinson takes no prescription medication. Nor does Robinson claim he is unable to procure treatment. In fact, Robinson's medical records show that on October 27, 2020 he received a diet and nutrition consultation to address his obesity and prediabetes. A dietician discussed the risk factors related to obesity and prediabetes with Robinson, and counseled him on weight loss and specific ways to improve his eating habits, including eating more lean protein and vegetables, reducing snacking, and replacing sugary drinks with water and sugar-free drink mixes. As the warden noted in denying Robinson's request for compassionate release, Robinson resides in an open housing unit and is independent in his daily activities.

Moreover, Robinson has not demonstrated that he is a high risk of infection at FMC Devens. There are currently no inmates infected with COVID-19 at FMC Devens. *See* Federal Bureau of Prisons, *COVID-19 Cases*, https://www.bop.gov/coronavirus/. And while unfortunately two inmates have died form COVID-19 in his facility over the course of the pandemic, forty-four have recovered. *Id.* In short, it appears that Robinson's obesity and related health concerns are properly managed at FMC Devens. *See United States v. Buckman*, 2020 WL 4201509, at *4 (E.D. Pa. July 22, 2020) ("When prisons can keep the number of positive COVID-19 cases low . . . the risk of exposure is too speculative to render the circumstances extraordinary and compelling.").

Furthermore, Robinson has served less than half of his mandatory minimum sentence of 120 months. Although he accurately notes that his drug-dealing conviction was non-violent in nature, releasing Robinson after fifty-seven months would fail to reflect the seriousness of conspiring to sell and personally distributing large quantities of PCP in a residential community,

near a daycare and a university.  *See United States v. Goodall*, 2020 WL 4262277, at *4 (D. Md. July 24, 2020) (denying relief where defendant has served 80 months of 156-month term for PCP trafficking because a mandatory minimum sentence "is indicative of the seriousness of the offense and ought to be considered when determining whether the goals of punishment and deterrence have been fulfilled.  The distribution of PCP, in significant quantities no matter how calculated, was a serious offense.").  A reduction in sentence to fifty-seven months would also run afoul of Section 3553(a)(6)'s admonition "to avoid unwarranted sentence disparities . . ."  Several of Robinson's less culpable co-conspirators received sentences near or above fifty-seven months.  Robinson's release would create an unwarranted sentencing disparity with his co-conspirators and defendants subjected to the ten-year mandatory minimum in similar cases.

    For the reason sets forth above, Robinson's motion will be denied.

    An appropriate order follows.

**December 2, 2020**                     **BY THE COURT:**

                                                    */s/ Wendy Beetlestone*

                                                    **WENDY BEETLESTONE, J.**